**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DARREN V. MICHAEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:26-cv-01122** |
| | ) | |
| **MARSHA BLACKBURN, in her individual capacity and as United Senator,** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW TO STRIKE UNAUTHORIZED AMENDED COMPLAINT**

Defendant Senator Marsha Blackburn moves to strike Plaintiff Darren Michael's Amended Complaint (Doc. 21), filed October 28, 2026 without Senator Blackburn's written consent or leave of Court, in violation of Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Plaintiff filed his Amended Complaint 43 days after Senator Blackburn moved to dismiss, 22 days after his right to amend as a matter of course expired, and three weeks after briefing on Senator Blackburn's Motion to Dismiss concluded. The amended pleading introduces substantial new allegations directed at deficiencies identified in Defendant's pending motion. Yet Plaintiff neither sought leave to amend nor complied with this Court's procedures governing amendments. This latest filing continues a pattern of avoidable procedural irregularities that has already required unnecessary motion practice and now threatens to derail a fully briefed dispositive motion.

Rule 15(a)(2) requires judicial permission or written consent before an amendment may be filed under these circumstances. Plaintiff obtained neither. Senator Blackburn therefore requests that the Court strike the unauthorized Amended Complaint, confirm that the original Complaint

remains operative and her Motion to Dismiss remains pending, and suspend any obligation to respond to the unauthorized pleading while this Motion is resolved. Because Senator Blackburn's current deadline to respond to the Amended Complaint is November 12, 2026, she respectfully requests expedited consideration of this Motion.

## BACKGROUND

Plaintiff commenced this action on August 7, 2026, asserting federal constitutional and state-law claims against Senator Blackburn arising from employment actions taken by Austin Peay State University ("APSU") following Plaintiff's social-media comments about Charlie Kirk. (Doc. 1.) Senator Blackburn was served on August 25, 2026. (Doc. 9.)

On September 15, 2026, Senator Blackburn filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), accompanied by a supporting memorandum identifying fundamental legal and factual deficiencies in Plaintiff's claims. (Docs. 11–12.) Under Rule 15(a)(1)(B), Plaintiff had until October 6, 2026, to amend his Complaint as a matter of course in response to Senator Blackburn's Motion. Plaintiff did not. Instead, he elected to defend his original pleading, filing a Response in Opposition on September 30, 2026. (Doc. 16.) Senator Blackburn filed her Reply on October 7, 2026. (Doc. 17.) On October 9, 2026, the Court granted Plaintiff's Motion for Leave to File Response Out of Time, accepting Plaintiff's Response as filed. (Docs. 18, 20.) Senator Blackburn's Motion to Dismiss has therefore been fully briefed and submitted for decision since October 7, 2026.

On October 28, 2026, Plaintiff filed an Amended Complaint, accompanied by exhibits. (Docs. 21–22.) The Amended Complaint introduces new factual allegations absent from the original Complaint, including assertions that Senator Blackburn personally telephoned APSU's president and demanded Plaintiff's termination, contacted members of APSU's Board of Trustees,

and threatened consequences involving federal funding. (Doc. 21 ¶¶ 52–55.) It also newly acknowledges that Plaintiff settled with APSU and has been reinstated to his position (*id.* ¶ 68), and it revises Plaintiff's damages demand to compensatory damages of "at least One Dollar ($1.00)" and punitive damages of $1,000,000 (*id.* at Relief Requested ¶¶ 3–4).

The Court has scheduled an initial case-management conference for November 16, 2026. (Doc. 7.) No scheduling order governing amendments to pleadings has been entered. Accordingly, Plaintiff's attempted amendment is governed by Rule 15(a), which required Plaintiff to obtain consent or leave before filing his revised pleading.

## ARGUMENT

### I. Plaintiff's Amended Complaint Was Filed Without Authorization

Federal Rule of Civil Procedure 15(a)(1)(B) permits a plaintiff to amend a complaint once as a matter of course within 21 days after service of a motion under Rule 12(b). After that period expires, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Although Rule 15(a)(2) has a liberal standard for granting leave, a party still has to ask for and be granted leave. The Sixth Circuit has repeatedly held that "the right to amend is not absolute or automatic," and that a district court does not abuse its discretion by declining to permit amendment where leave was never properly sought. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551–52 (6th Cir. 2008); *see also Justice v. Petersen*, No. 21-5848, 2022 WL 2188451, at *3 (6th Cir. June 17, 2022) (collecting cases). An amended complaint filed without the required consent or leave does not become operative merely because it appears on the docket. *See Okolo v. Metro. Gov't of Nashville & Davidson Cnty.*, 892 F. Supp. 2d 931, 938 (M.D. Tenn. 2012) (recognizing that a court may treat an unauthorized amended complaint as a nullity or, in its discretion, permit it if changes were minor and caused no prejudice).

Plaintiff's Amended Complaint is an unauthorized filing. Senator Blackburn filed and served her Motion to Dismiss on September 15, 2026, so Plaintiff's right to amend as a matter of course expired October 6, 2026. Continued briefing did not extend that deadline: Rule 15(a)(1)(B) measures the period from service of the Rule 12 motion, not from the conclusion of briefing. Plaintiff waited until October 28 to file a materially revised pleading without seeking leave or obtaining Senator Blackburn's written consent. The Court should strike the Amended Complaint.

## II. Plaintiff's Unauthorized Amendment Circumvents Completed Dispositive Motion Practice

The procedural violation is particularly consequential here. Three weeks after briefing on the Defendant's Motion was complete, Plaintiff filed an amended pleading introducing specific factual allegations as to coercion his original Complaint lacked. These allegations principally describe events surrounding Plaintiff's September 2025 termination—nearly a year before he commenced this action. (Doc. 21 ¶¶ 52–55.) Plaintiff offers no explanation for these allegations' omission from his original pleading or their introduction only after dispositive briefing concluded. In fact, Plaintiff unilaterally filed his purported amended pleading with no explanation at all, notwithstanding its untimeliness.

Compliance with the Federal Rules is not optional. As the Sixth Circuit found in *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir. 2013), "allowing amendment under these circumstances would encourage delay and bad faith on the part of plaintiff[] and prejudice defendant[] who would have wasted time and expense attacking a hypothetical complaint." *Id.* at 458–59. So too here. Plaintiff's unilateral filing attempts to bypass the Rule 12(b) motion process and impose a second round of briefing before the Court has even resolved the first.

## CONCLUSION

Senator Blackburn requests that the Court strike the Amended Complaint and confirm that the pending Motion to Dismiss remains ripe for decision. Alternatively, if the Court wishes to entertain a request to amend, Senator Blackburn asks that it require Plaintiff to seek leave in full compliance with Rule 15(a)(2) and Local Rule 15.01. That would establish the proper record for this Court's review and give Senator Blackburn the opportunity contemplated by the Federal and Local Rules to oppose the request should she choose to do so after reviewing Plaintiff's motion for leave.

In either event, Senator Blackburn requests that the Court suspend any obligation to respond to the Amended Complaint pending resolution of this Motion and establish an appropriate response deadline if amendment is subsequently permitted. *See* Fed. R. Civ. P. 6(b)(1)(A). Because Senator Blackburn's current deadline to respond to the Amended Complaint if accepted as filed, pursuant to Rules 15(a)(3) and 6(a)(1)(C), is November 12, 2026, Senator Blackburn respectfully requests a ruling on this portion of the Motion before that date.

Date: October 30, 2026

Respectfully submitted,

*/s/ Brandon J. Smith*
Brandon J. Smith, BPR No. 037272
Kevin M. Kreutz, BPR No. 040686
J. Dylan Harper, BPR No. 036820
Andrew Wilson, BPR No. 040532
HOLTZMAN VOGEL BARAN TORCHINSKY
& JOSEFIAK PLLC
1600 West End Ave., Suite 450
Nashville, Tennessee 37203
Telephone: (615) 647-8528
*bsmith@holtzmanvogel.com*

*Counsel for Defendant*
*Senator Marsha Blackburn*