**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| DARREN V. MICHAEL,<br>Plaintiff,<br><br>v.<br><br>MARSHA BLACKBURN, *in her Individual capacity and as United States Senator*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 3:26-cv-01122 |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Darren Michael, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rules 7.01 and 15.01, respectfully moves this Court for leave to file his First Amended Complaint, previously docketed as Document 21 on October 28, 2026.

Plaintiff acknowledges that the amendment was filed without first obtaining Defendant's written consent or leave of Court, as required by Rule 15(a)(2). Plaintiff does not dispute that procedural requirement. Rather, Plaintiff respectfully requests that the Court exercise its discretion under Rule 15(a)(2) to permit the amendment and cure the procedural deficiency identified in Defendant's Motion to Strike (Doc. 23).

The circumstances surrounding the amendment warrant leave. On October 9, 2026, Defendant served Plaintiff's counsel by email with a proposed motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Defendant had not filed that motion with the Court. Plaintiff also obtained an affidavit from Licari containing additional factual information relevant to the claims asserted against Defendant.

On October 28, 2026, nineteen days after service of Defendant's proposed sanctions motion, Plaintiff filed an Amended Complaint incorporating the newly obtained affidavit evidence and addressing the factual and legal challenges identified by Defendant.

The amendment was therefore not undertaken for purposes of delay, harassment, or disruption of the proceedings. It was a good-faith effort to address Defendant's express Rule 11 challenges, incorporate newly obtained evidence, and present the Court with a more complete statement of Plaintiff's claims.

In addition, on October 26, 2026, Plaintiff received an affidavit from APSU President Licari containing additional factual information relevant to the claims asserted against Defendant.

For the reasons set forth below, Plaintiff respectfully requests that the Court grant leave to amend, deem the proposed Amended Complaint properly filed, and deny Defendant's Motion to Strike to the extent it seeks to foreclose the amendment.

**MEMORANDUM OF LAW**

**I. Rule 15(a)(2) Establishes a Liberal Standard Favoring Amendment.**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the Court's leave, and that the Court should freely give leave when justice so requires.

The Supreme Court has emphasized that this mandate is to be applied liberally. In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court explained that leave ordinarily should be granted absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment.

The Sixth Circuit likewise recognizes that pleadings should be evaluated with a preference for resolving claims on their merits rather than on procedural technicalities. *Moore v. City of*

*Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). See also *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (recognizing the liberal standard governing amendment); *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (discussing the factors governing leave to amend).

Although Plaintiff should have sought leave before filing Document 21, that procedural error does not resolve the separate question whether leave should now be granted under Rule 15(a)(2). Plaintiff respectfully requests that the Court apply the governing amendment standard to the proposed pleading rather than foreclose amendment solely because leave was not requested before its submission.

**II. Plaintiff's Amendment Was a Good-Faith Response to Defendant's Rule 11 Safe-Harbor Notice and Newly Obtained Evidence.**

Defendant's Motion to Strike characterizes Plaintiff's Amended Complaint as an attempt to disrupt a fully briefed motion to dismiss. That characterization omits material context surrounding the amendment.

On October 9, 2026, Defendant served Plaintiff's counsel by email with a proposed motion for sanctions pursuant to Rule 11. Defendant had not filed that motion with the Court. Plaintiff therefore received express notice of Defendant's challenges to the original pleading and an opportunity under Rule 11(c)(2) to address those challenges before the sanctions motion could be filed.

Rule 11(c)(2) provides a safe-harbor period during which the challenged paper, claim, defense, contention, or denial may be withdrawn or appropriately corrected. The Rule thereby encourages parties to address identified pleading deficiencies without unnecessary sanctions litigation.

On October 28, 2026, within that safe-harbor period, Plaintiff filed an Amended Complaint incorporating newly obtained affidavit evidence and addressing the legal and factual objections raised in Defendant's proposed sanctions motion.

Plaintiff did not amend to delay resolution of Defendant's Motion to Dismiss or to circumvent the Court's procedures. Rather, the amendment reflected Plaintiff's good-faith effort to respond to the Rule 11 notice, address identified concerns, and place newly obtained evidence before the Court.

Plaintiff recognizes that Rule 11(c)(2) does not dispense with Rule 15(a)(2)'s requirement of written consent or judicial leave. Nevertheless, the circumstances prompting the amendment are directly relevant to whether Plaintiff acted in bad faith, whether the amendment was sought for a dilatory purpose, and whether justice favors permitting the proposed pleading.

The filing of the proposed amendment before expiration of the Rule 11 safe-harbor period is inconsistent with Defendant's suggestion that Plaintiff was simply attempting to prolong litigation. Plaintiff was responding to a specific procedural mechanism designed to encourage the correction of challenged allegations.

Plaintiff therefore respectfully requests leave to cure the Rule 15 deficiency and permit consideration of the proposed Amended Complaint.

**III. The Newly Obtained Licari Affidavit Provides an Independent, Substantive Basis for Amendment.**

Apart from Defendant's Rule 11 notice, Plaintiff obtained additional affidavit evidence relevant to the factual allegations underlying this action. The Licari affidavit provides additional information concerning the circumstances surrounding Defendant's alleged involvement in the events giving rise to Plaintiff's First Amendment claims. The proposed Amended Complaint

incorporates that evidence to provide a more complete factual account of Defendant's alleged conduct and the relationship between that conduct and the adverse employment actions challenged by Plaintiff.

These amendments are substantive. They concern the factual basis of Plaintiff's existing claims and are intended to permit those claims to be evaluated on a fuller factual record.

The fact that newly obtained evidence may also address issues identified in Defendant's pending Motion to Dismiss does not, standing alone, establish an improper purpose. A plaintiff's effort to strengthen the factual allegations supporting existing claims is consistent with the purpose of Rule 15. Plaintiff respectfully submits that consideration of newly obtained evidence, particularly at this early stage of litigation, favors granting leave.

**IV. Defendant Has Not Established Undue Prejudice Sufficient to Deny Leave.**

Defendant emphasizes that her Motion to Dismiss has been fully briefed and that permitting amendment may require additional responsive briefing. Plaintiff recognizes that amendment may require Defendant to evaluate and respond to the revised allegations. That circumstance, however, does not by itself establish undue prejudice warranting denial of leave.

The Sixth Circuit recognizes prejudice as an important consideration in evaluating amendment, particularly where amendments introduce substantially new theories late in litigation, require significant additional discovery, or disrupt established litigation schedules. See *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

Here, Plaintiff seeks amendment at the pleading stage. The proposed allegations arise from the same underlying events challenged in the original Complaint. Plaintiff does not seek to introduce an unrelated controversy or transform the litigation into a different action.

Although Defendant may need to revise or supplement her Rule 12 arguments, the expenditure of additional effort does not automatically establish the kind of undue prejudice that justifies denial of amendment. The Court may address any resulting briefing concerns through an appropriate schedule, including permitting Defendant to renew or supplement her Motion to Dismiss as directed by the Court.

Such an approach would protect Defendant's opportunity to challenge the sufficiency of the operative pleading while allowing Plaintiff's claims to be considered in light of the additional factual allegations.

**V. The Procedural Deficiency Can Be Cured Without Prejudice to Defendant or Disruption of the Court's Proceedings.**

Plaintiff acknowledges Defendant's contention that the Amended Complaint was filed without obtaining leave under Rule 15(a)(2). Plaintiff does not ask the Court to disregard Rule 15 or the Local Rules. Instead, Plaintiff seeks the permission that should have been requested before Document 21 was filed. The procedural defect is capable of correction through an order granting leave to amend. Plaintiff further acknowledges Defendant's reference to an earlier untimely filing in this action. Plaintiff respectfully submits that the Court should evaluate the present request under the applicable Rule 15 factors, including the specific circumstances prompting this amendment. The amendment was filed in response to a served Rule 11 motion and newly obtained affidavit evidence. Those circumstances provide an explanation independent of any earlier filing issue and support a finding that the proposed amendment was not motivated by bad faith or a desire to delay proceedings. Permitting Plaintiff to correct the procedural defect would preserve the Court's authority over amendments, protect Defendant's opportunity to respond, and advance resolution of the parties' substantive dispute.

**VI. The Court Should Grant Leave and Resolve Defendant's Motion to Strike Consistently With That Ruling.**

Defendant requests that the Court strike Document 21, confirm that the original Complaint remains operative, and preserve her pending Motion to Dismiss. Plaintiff respectfully requests that the Court instead grant leave to amend under Rule 15(a)(2) and deem the proposed First Amended Complaint properly filed as of the date of the Court's order.

Alternatively, if the Court determines that Document 21 should be stricken because it was filed without prior authorization, Plaintiff requests that the Court nevertheless grant leave to file the identical proposed pleading. This alternative relief would acknowledge the procedural deficiency without treating it as a substantive bar to amendment.

Plaintiff further requests that the Court establish an appropriate response schedule and determine the disposition of Defendant's pending Motion to Dismiss in light of the operative pleading.

DATE: November 2, 2026

Respectfully Submitted,

*/s Meggan B. Sullivan*
MEGGAN B. SULLIVAN
BPR 33067
1801 W. End Avenue
Suite 1000
Nashville, TN 37203
(615)-412-2007
megganbsullivan@gmail.com
*/s/ David L. King*
DAVID L. KING
BPR 07311
TENNESSEE LAW GROUP
1300 Division Street
Nashville, TN 37203
david@mylawyertennessee.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion for Leave has been served on all parties via the Court's CM/ECF system and electronic mail on November 2, 2026.

Brandon J. Smith
Kevin M. Kreutz
J. Dylan Harper
Andrew Wilson
HOLTZMAN VOGEL BARAN TORCHINSKY
& JOSEFIAK PLLC
1221 Broadway, Suite 2100
Nashville, Tennessee 37203

*/s/ Meggan B. Sullivan*