Motion GRANTED.

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DARREN V. MICHAEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:26-cv-01122** |
| | ) | |
| **MARSHA BLACKBURN, in her individual capacity and as United Senator,** | ) ) ) | **Judge Aleta A. Trauger** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW TO STRIKE UNAUTHORIZED AMENDED COMPLAINT**

Defendant Senator Marsha Blackburn moves to strike Plaintiff Darren Michael's Amended Complaint (Doc. 21), filed October 28, 2026 without Senator Blackburn's written consent or leave of Court, in violation of Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Plaintiff filed his Amended Complaint 43 days after Senator Blackburn moved to dismiss, 22 days after his right to amend as a matter of course expired, and three weeks after briefing on Senator Blackburn's Motion to Dismiss concluded. The amended pleading introduces substantial new allegations directed at deficiencies identified in Defendant's pending motion. Yet Plaintiff neither sought leave to amend nor complied with this Court's procedures governing amendments. This latest filing continues a pattern of avoidable procedural irregularities that has already required unnecessary motion practice and now threatens to derail a fully briefed dispositive motion.

Rule 15(a)(2) requires judicial permission or written consent before an amendment may be filed under these circumstances. Plaintiff obtained neither. Senator Blackburn therefore requests that the Court strike the unauthorized Amended Complaint, confirm that the original Complaint